A statement of facts filed after adjournment cannot be considered. where there was no record of an order allowing 20 days in which to do so, nor, if there were such an order, where the abatement was filed 22 days after adjournment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. BAIL (§ 65*)—FORM—STATEMENT OF PUNISHMENT.

A recognizance, which does not state the punishment except that it was not under $100, is not sufficient where the fine fixed by the jury was exactly $100; the statute requiring that the punishment found by the jury must be stated.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

3. CRIMINAL LAW (§ 1124*)—APPEAL—RECORD—GROUNDS OF MOTION—EVIDENCE.

A ground of a motion for new trial that the court erred in refusing to submit special instructions cannot be considered in the absence of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2946–2948; Dec. Dig. § 1124.*]

Appeal from Leon County Court; W. D. Lacey, Judge.

Frank Wilder was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of unlawfully carrying a pistol; his punishment being assessed at a fine of $100.

[1] The statement of facts cannot be considered for two reasons: First, there was no order entered of record allowing 20 days after adjournment of court in which to file statement of facts. The case is a misdemeanor, tried in the county court. The second reason is, if there had been an order, the court adjourned 22 days before the statement of facts was filed. For these reasons the statement of facts is not in condition to be entertained on appeal.

[2] It is very doubtful whether the recognizance is sufficient on account of its peculiar verbiage, inasmuch as it does not state the punishment. It does state, however, that defendant was fined not less than $100. The verdict of the jury and judgment of the court based thereon fixes the punishment at exactly $100. We are of opinion, if it was necessary to decide that question, that the recognizance is not sufficient. The statute requires that the punishment found by the jury must be stated. The jury assessed the punishment at a fine of $100.

[3] The first ground of the motion contends that there was material error committed by the court in refusing to submit defendant's special instructions. This cannot be consid-ered in the absence of the evidence. The other grounds relate to the sufficiency of the evidence, and cannot be considered for the same reason.

The judgment is affirmed.

---

## CHANDLER v. STATE.

(Court of Criminal Appeals of Texas. Jan. 8, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—REVIEW—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

The grounds of a motion for new trial as to rulings on evidence and sufficiency of the evidence cannot be considered, in the absence of a statement of facts and bills of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge.

Lester Chandler was convicted of crime, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft of property under the value of $50; his punishment being assessed at six months' imprisonment in the county jail.

The record is before us without a statement of facts or bills of exception. The grounds of the motion for new trial cannot be considered, in the absence of the statement of facts and bills of exception. These grounds relate to the sufficiency of the evidence, and the further statement that one of the witnesses was permitted to testify to matters which are alleged to be erroneous, as well as to the argument of the county attorney. None of these matters being verified, they cannot be considered.

The judgment is affirmed.